**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**AMBER DAWN LOWTHER,**

      Plaintiff,

v.                                         **CIVIL ACTION NO.: 3:16-CV-113
                                                           (GROH)**

**COMMISSIONER
of SOCIAL SECURITY,**

      Defendant.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. In the R&R, Magistrate Judge Trumble recommends the Court grant the Defendant's Motion for Summary Judgment [ECF No. 16] because substantial evidence supports the Administrative Law Judge's ("ALJ") denial of the Plaintiff's application for disability insurance benefits and supplemental security income. Magistrate Judge Trumble recommends the Court deny the Plaintiff's Motion for Summary Judgment [ECF No. 12] and that this case be dismissed with prejudice.

### I. Background

On August 13, 2012,[1] the Plaintiff protectively filed her application, alleging disability that began on June 12, 2012. The Plaintiff's claims were initially denied on March 20, 2013, and again upon reconsideration on June 18, 2013. On June 30, 2013, the Plaintiff filed a written request for a hearing, which was held before an Administrative

---

[1] The ALJ's decision and the Magistrate Judge's R&R erroneously state that the Plaintiff's application was filed on August 10, 2012. ECF No. 9-2 at 16, ECF No. 22 at 2; but see ECF No. 9-5 at 2, 9.

Law Judge on December 8, 2014. Plaintiff, represented by counsel, Brian D. Bailey, Esq., appeared and testified, as did a vocational expert. On January 22, 2015, the ALJ issued an unfavorable decision to Plaintiff, finding that she was not disabled within the meaning of the Social Security Act. On June 30, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

On July 26, 2016, Amber Lowther ("Plaintiff") filed a complaint against the Commissioner of Social Security. The Plaintiff filed her motion for summary judgment on October 28, 2016. ECF No. 12. The Commissioner filed her motion for summary judgement on December 20, 2016. ECF No. 16. Magistrate Judge Trumble then entered an R&R on April 7, 2017. ECF No. 22. The Plaintiff filed objections to Magistrate Judge Trumble's R&R on April 20, 2017. ECF No. 23. The Commissioner filed a response on April 25, 2017. ECF No. 24.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review *de novo* those portions of the magistrate judge's findings to which a party objects. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which any party objects and will review the remaining portions of the R&R for clear error.

**B.     Review of the ALJ Decision**

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

**C.     Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is disabled or not disabled at a certain step, the ALJ does not proceed to the next step. Id.

3

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. The ALJ then determines whether the claimant has a severe impairment at step two. Next, the ALJ determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional Capacity ("RFC") assessment. At step four, the ALJ considers the RFC assessment to determine whether the claimant can perform past relevant work. Finally, during step five the ALJ Considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work. See Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found the Plaintiff was not disabled from any time between June 12, 2012, and January 22, 2015, the date of the ALJ's decision.

### III. Discussion

Upon careful consideration of the record, the parties' motions and the R&R, the Court finds that Magistrate Judge Trumble committed no clear error with regard to the portions of the R&R to which the Plaintiff filed no objections. Accordingly, the Court now considers, *de novo*, the Plaintiff's objections to the magistrate judge's R&R.

As an initial matter, the Court notes that the Plaintiff's objections are haphazardly presented, redundant and generally unclear. Indeed, a considerable amount of the Plaintiff's objections simply "reiterate[] the same arguments made by the objecting party in [her] original papers submitted to the magistrate judge," and therefore, "the Court

4

subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260 (N.D.N.Y. 2012).

Upon carefully reviewing the Plaintiff's objections, the Court finds the following legally cognizable objections to the Magistrate Judge's R&R: it (1) acknowledged that "the opinion of Dr. Warshowsky was not explicitly addressed" in the ALJ's decision, but still erroneously found substantial evidence supported the decision; and (2) improperly considered Dr. Chong's opinion. ECF No. 23 at 3 (citing ECF No. 22 at 32).

On page thirty-two of Magistrate Judge Trumble's R&R, it states, "because Dr. Warshowsky's evaluation is most relevant to a specific, limited period of time, the undersigned believes that the ALJ acted reasonably in choosing to not explicitly comment on the evaluation." ECF No. 22. The Plaintiff avers that "All parties agree that the ALJ did not consider the opinion of Dr. Warshowsky." ECF No. 23 at 2. The Plaintiff supported this assertion by noting, "[t]he Magistrate readily admits that the opinion of Dr. Warshowsky was not explicitly addressed." ECF No. 23 at 3.

Upon reviewing the record, this Court finds that the ALJ did explicitly address Dr. Warshowsky's opinion:

> Next, the undersigned fully considered the July 2012 statement of rehabilitation source that the claimant was not cognitively capable to return to work 'at this time;' however, steps to return to work were also reported, such that an inability to work was not advised (Ex. 2F). The undersigned accorded this statement some, but less than great weight, as it was not consistent with an assessment of any 12 months of functioning during the period at issue, was rendered less persuasive in light of updated records, and was not a function-by-function assessment, having proposed no quantifiable restrictions.
> . . .
> Finally, in terms of treating and examining sources, Global Assessment of Functioning (GAF) scores of 55 to 60 (i.e., indicative of moderate to mildly

5

> moderate symptoms and/or functional difficulties) were assessed during neuropsychological examinations during 2012 (Exs. 2F and 3F).

ECF No. 9-2 at 26–27.

Considering Dr. Warshowsky's opinion, the ALJ chose to give it some, but less than great weight because it was three years old and not consistent with an assessment of any twelve months of functioning during the period at issue—appropriate and reasoned considerations that this Court has no reason to overturn or second guess.

It is apparent from the record that the ALJ did in fact explicitly consider Dr. Warshowsky's opinion and explained his reasons for according it some, but less than great weight. The Plaintiff's objections to the R&R related to the ALJ's alleged failure to consider Dr. Warshowsky's opinion are **OVERRULED**.

The Plaintiff also objects to how Dr. Chong's opinion was assessed. This objection presents a multilayered argument regarding the ALJ's handling of Dr. Chong's opinion. Specifically, the Plaintiff argues that "the Magistrate's decision allows the Defendant to assess the opinion of Dr. Chong *without requiring* the Defendant to recognize and comment on evidence that is consistent with the opinion of Dr. Chong (i.e. Dr. Warshowsky)." ECF No. 23 at 3. The Plaintiff further argues that the Magistrate Judge improperly considered and upheld the ALJ's decision to consider that Dr. Chong was hired for litigation purposes in affording his opinion less weight. Finally, the Plaintiff avers that the R&R "makes a medical presumption that [Dr. Chong's] diagnostic techniques cannot overcome the potentially random statements made by a brain-injured patient/client/claimant." Id. at 6.

As an initial matter, this Court has already found that the ALJ explicitly considered Dr. Warshowsky's opinion; thus, to the extent the Plaintiff relies on the ALJ not considering Dr. Warshowsky's opinion, the Court summarily overrules the objection.

The bulk of argument within this objection is that the R&R ratified the ALJ's decision to wrongly discredit Dr. Chong because he was hired to evaluate the Plaintiff for the purpose of litigation, when, in fact, the state agency evaluators are also hired for the same purpose. The ALJ's decision must first be reviewed:

> Also in terms of examining sources, the undersigned considered the report of Jason Chong, Psy.D. (Ex. 14F/15F). Dr. Chong maintained that the claimant had marked difficulties, for example, in daily activities and maintaining concentration, persistence or pace. He contended the claimant lived within a highly supportive environment and would likely do poorly in obtaining and/or maintaining employment. The undersigned accorded this report less than great weight. First, it is emphasized that the claimant underwent the examination that formed the basis of the report not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored. Next, Dr. Chong appeared to readily dismiss the claimant's statements of no abnormality or at most mild abnormality, and chose to rely heavily if not primarily, upon statements of third parties, such as the claimant's mother, which were in direct contradiction and with which possible bias could not be dismissed. In addition, Dr. Chong's report contrasts so sharply with, and is without substantial support from, other evidence of record, including records of those having seen the claimant, including for treatment purposed on more than [one] occasion, which obviously renders it less persuasive.
>
> Finally, in terms of treating and examining sources, Global Assessment of Functioning (GAF) scores of 55 to 60 (i.e. indicative of moderate to mildly moderate symptoms and/or functional difficulties) were assessed during neuropsychological examinations during 2012[2] (Exs. 2F and 3F). In contrast, during attorney referral examination with Dr. Chong approximately

---

[2] Here, the ALJ is again referring to Dr. Warshowsky's opinion—and in fact, *using* it, to explain why Dr. Chong's opinion, as the ALJ determined, was incredible and deserved less than great weight.

> one month before hearing, examination made in connection with an effort to generate evidence for the current appeal and not for treatment, a GAF score of 29 was advised (i.e. indicative of behavior considerably influenced by delusions or hallucinations, or serious impairment in communication or judgment or inability to function in almost all areas) (Ex. 14F/15F). While still considered a "medical opinion," by the Social Security Administration, GAF scores have fallen out of favor in the treatment of mental illness[.]
> . . .
> Overall, the undersigned accorded the GAF scores limited weight. It is noted by the undersigned, however, that the GAF scores of 55 to 60 are consistent with and supportive of the limitations found within this decision and accommodations afforded the claimant; whereas the GAF score of 29 made in connection with an effort to generate evidence for the current appeal is wholly inconsistent with and unsupported by the evidence of record and appears so implausible as to not only render it less persuasive, but also to render it suggestive of exaggeration, further undermining the persuasiveness of the report to which it was offered

ECF No. 9-2 at 26-27.

The R&R emphasized that although the ALJ's decision considered Dr. Chong was hired for purposes of litigation, it still acknowledged that Dr. Chong's opinion was "legitimate and deserve[d] due consideration." ECF No. 22 at 31. The Plaintiff characterizes the ALJ's decision, and subsequently the R&R upholding the same, as discrediting Dr. Chong's opinion because he was obtained through an attorney referral for the purpose of presenting evidence of disability to the commissioner. Although not entirely without truth, the Plaintiff's arguments distort the record before this Court.

The Code of Federal Regulations ("CFR") clearly describes how opinion evidence shall be evaluated in claims for social security benefits. See 20 C.F.R. § 416.927. The Defendant is to evaluate every medical opinion received. 20 C.F.R. § 416.927(c). Moreover, there are a number of factors to be considered when deciding the appropriate weight given to any medical opinion. Id. Specifically, the Defendant considers the

examining relationship and treatment relationship, including its length and nature, between the medical source and the claimant; supportability of the opinion; consistency with the record; specialization of the source and other factors tending to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6).

Here, the ALJ followed the regulation in examining the abovementioned factors. The ALJ "considered the report of Jason Chong, Psy.D.[,]" and "accorded this report less than great weight." ECF No. 9-2 at 26. The ALJ noted that Dr. Chong was an examining source, and that the treatment relationship was not for seeking treatment, but instead it was "to generate evidence for the current appeal." Id. The ALJ explained, "the context in which [the report] was produced cannot be entirely ignored. Id. at 27. Next, the ALJ noted that the "report contrasts so sharply with, and is without substantial support from, other evidence of record, including records of those having seen the claimant, including for treatment purposes, on more than one occasion, which obviously renders it less persuasive." Id. Finally, the ALJ considered Dr. Chong's determination that the Plaintiff had a GAF score of twenty-nine. When compared with other GAF scores in the record, the ALJ found that a GAF score of twenty-nine "is wholly inconsistent with and unsupported by the evidence of record and appears so implausible as to not only render it less persuasive, but also to render it suggestive of exaggeration, further undermining the persuasiveness of the report in which it was offered." Id.

The ALJ correctly utilized the appropriate regulation in considering Dr. Chong's opinion. The ALJ's analysis is unambiguous and adequately supported by substantial

9

evidence within the record. Accordingly, the Plaintiff's remaining objections are **OVERRULED**.

### IV. Conclusion

Because substantial evidence supports the ALJ's decision, the Court **OVERRULES** the Plaintiff's objections [ECF No. 23] and **ORDERS** the Report and Recommendation [ECF No. 22] **ADOPTED IN PART**.[3] The Court **ORDERS** that the Commissioner's Motion for Summary Judgment [ECF No. 16] is **GRANTED** and the Plaintiff's Motion for Summary Judgment [ECF No. 12] is **DENIED**.

The Court **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from its active docket.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court is **DIRECTED** to enter a separate judgment order in favor of the Defendant Commissioner.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** June 28, 2017

*[signature]*

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court declines to adopt only the portion of the Magistrate Judge's R&R finding that the ALJ did not explicitly consider Dr. Warshowsky's opinion.